

FILED

FEB 12 2004

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

JUDSON PINS,

   Plaintiff,

vs.

STATE FARM FIRE & CASUALTY CO.,

   Defendant.

o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o-o

CIV. 04- 4027

NOTICE OF REMOVAL

TO THE ABOVE-ENTITLED COURT:

  Defendant State Farm Fire & Casualty Co. hereby files this Notice of Removal of the above-described action to the United States District Court for the District of South Dakota, Southern Division, from the South Dakota Circuit Court, Second Judicial Circuit, Minnehaha County, where the action is now pending, and states:

  1. This action is a civil action for coverage under a contract of insurance, and includes a claim for bad faith, and the United States District Court for the District of South Dakota has jurisdiction by reason of the diversity of citizenship of the parties.

  2. At all times, and on January 12, 2004, when the action was commenced in Minnehaha County, Second Judicial Circuit, Defendant was, and now is, a corporation

organized, formed and incorporated in and under the laws of the State of Illinois, having its principal place of business in the State of Illinois.

3. At all times, and on January 12, 2004, when the action was commenced in Minnehaha County, Second Judicial Circuit, Plaintiff was, and now is a resident of Sioux Falls, Minnehaha County, South Dakota.

4. The matter in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000), exclusive of interest and costs

5. There is diversity of citizenship between plaintiff and defendant and the basis for jurisdiction is 28 U.S.C. § 1332.

6. By letter dated January 14, 2004, from the Division of Insurance, the complaint and summons issued in the state action was forwarded to Defendant.

7. Attached to and filed with this notice are copies of the Summons, Complaint and Jury Trial Demand, and letter showing admission of service by the South Dakota Division of Insurance on January 14, 2004. Said Summons, Complaint and Jury Trial Demand, and letter constitute all process, pleadings and orders served upon Defendant in this matter.

8. Defendant will give written notice of the filing of this notice as required by 28 U.S.C. § 1446(d).

9. A copy of this notice will be filed with the Minnehaha County Clerk of the South Dakota Circuit Court, Second Judicial Circuit, as required by 28 U.S.C. § 1446(d).

Case Number: 04-
Name of Document: Notice of Removal
Page 3

WHEREFORE, Defendant requests that this action proceed in this Court as an action properly removed to it.

Dated this 12th day of February, 2004.

WOODS, FULLER, SHULTZ & SMITH P.C.

By _____
William Fuller
Post Office Box 5027
300 South Phillips Avenue, Suite 300
Sioux Falls, SD 57117-5027
Attorneys for Defendant

| | | |
|---|---|---|
| STATE OF SOUTH DAKOTA | ) :ss | IN CIRCUIT COURT |
| COUNTY OF MINNEHAHA | ) | SECOND JUDICIAL CIRCUIT |

***

JUDSON PINS,

        Plaintiff,

vs.

STATE FARM FIRE & CASUALTY CO.,

        Defendant.

CIV. #04-_____

**SUMMONS**

***

THE STATE OF SOUTH DAKOTA SENDS GREETINGS TO THE ABOVE-NAMED DEFENDANT:

YOU ARE HEREBY SUMMONED AND REQUIRED to answer the Complaint of the Plaintiff herein, a copy of which is hereto attached and herewith served upon you, and to serve a copy of your Answer thereto upon the subscriber at his law office in the City of Sioux Falls, South Dakota, within thirty (30) days after the completed service of this Summons upon you, exclusive of the day of such service and, if you fail to answer as above required, judgment by default may be rendered against you as demanded in the Complaint.

Dated this 12th day of January, 2004.

JOHNSON, HEIDEPRIEM, MINER,
MARLOW & JANKLOW, L.L.P.

BY _____
Scott A. Abdallah
Ronald A. Parsons, Jr.
P.O. Box 1107
Sioux Falls, SD 57101-1107
(605) 338-4304

| | | |
|---|---|---|
| STATE OF SOUTH DAKOTA ) | | IN CIRCUIT COURT |
| :ss | | |
| COUNTY OF MINNEHAHA ) | | SECOND JUDICIAL CIRCUIT |

```
*************************************************************************
                                    *
JUDSON PINS,                        *      CIV. #04-_____
                                    *
                                    *
         Plaintiff,                 *
                                    *      COMPLAINT
vs.                                 *      AND JURY TRIAL DEMAND
                                    *
STATE FARM FIRE & CASUALTY          *
CO.,                                *
                                    *
         Defendant.                 *
                                    *
*************************************************************************
```

COMES NOW THE PLAINTIFF, Judson Pins, and for his Complaint against the above-named Defendant, does hereby state and allege as follows:

### The Parties and Venue

**1.**

Plaintiff Judson Pins is a resident of Sioux Falls, located in Minnehaha County, South Dakota.

**2.**

The Defendant, State Farm Fire & Casualty Co., is an insurance company licensed to do business and conducting business in the State of South Dakota, with an office located at 3800 South Kiwanis in Sioux Falls, and having its principal place of business located in Bloomington, Illinois.

**3.**

Venue is proper within the indicated judicial circuit pursuant to SDCL §§ 15-5-3, 15-5-5, and/or 15-5-6.

## Statement of the Facts

**4.**

On or about July 20, 2000, the Defendant, by and through its agent, Ron Arndt, issued to the Plaintiff, Jud Pins, its <u>Homeowners Insurance Policy, policy # 41-BB-0633-8</u>. *See* **Exhibit A**.

**5.**

On or about May 20, 2000, the Defendant, by and through its agent, Ron Arndt, issued to the Plaintiff, Judson Pins, its <u>Personal Liability Umbrella Insurance Policy, policy # 41-BL-7254-2</u>. *See* **Exhibit B**.

**6.**

The Plaintiff agreed to pay and did pay substantial premiums in consideration for both of these policies, which were thereafter renewed on an annual basis and kept current, fully paid, and in effect.

**7.**

On or about November 19, 2002, Pins was served with a complaint filed against him in circuit court in Minnehaha County, South Dakota, by Gery E. Baar. *See* **Exhibit C**. The complaint included claims for negligent infliction of emotional distress, intention infliction of emotional distress, alienation of affections, and punitive damages.

**8.**

With regard to the claim for negligent infliction of emotional distress, the complaint alleged that Pins "has engaged in a pattern of negligent conduct which interfered with and destroyed the marital relationship between Plaintiff and Ms. Baar," and that "[t]he negligent conduct of [Pins] was the legal and proximate cause of Plaintiff's emotional distress and mental anguish." Exhibit C.

9.

The complaint sought compensatory damages against Pins in the amount of $2,500,000.00.

10.

Pins promptly tendered the defense of the lawsuit filed against him to State Farm, and provided a copy of the summons and complaint to his agent pursuant to the notice provisions of his State Farm policies. *See* **Exhibit D**.

11.

In response, State Farm retained an attorney, but reserved its rights to deny defense and indemnity under the policies. *See* **Exhibits E & F**.

12.

On or about March 12, 2003, State Farm informed Pins that it had decided to abruptly discontinue its defense of Pins and that there would be no indemnification for any loss in this case. *See* **Exhibit G**.

13.

Pins asked State Farm to reconsider its decision, citing policy language and case law which established State Farm's obligation to defend and indemnify Pins in this case. *See* **Exhibit H**.

14.

Notwithstanding the clear policy language and case law, State Farm reiterated that it would neither defend nor indemnify Pins for any loss in this case. *See* **Exhibits I, J, K.**

## COUNT I - Breach of Contract
### (Personal Liability Umbrella Policy)

**15.**

Plaintiff hereby realleges paragraphs 1 - 14 and all previous paragraphs and incorporates them as if set forth in full.

**16.**

The Personal Liability Umbrella Policy provided that the Defendant would insure the Plaintiff for Personal Liability for injury to others to the extent of $1,000,000 per occurrence. Pursuant to Section "1. Coverage L - Personal Liability" provision of "COVERAGES" appearing on page 3 of the Personal Liability Umbrella Policy, the Defendant agreed as follows:

> 1. **Coverage L - Personal Liability**. If you are legally obligated to pay damages for a **loss**, we will pay your net loss minus the **retained limit**. Our payment will not exceed the amount shown on the **Declarations** as Policy Limits - Coverage L - Personal Liability.

**17.**

The definition of "loss" under the Personal Liability Umbrella Policy includes "personal injury," which is defined under the policy as including "mental anguish or mental injury," injuries that were specifically claimed by Baar in his lawsuit against Pins for negligent infliction of emotional distress.

**18.**

The retained limit on Pins's Personal Liability Umbrella Policy is "zero" or "none, rendering State Farm responsible for to indemnify Pins for his entire net loss from damages that he was legally obligated to pay.

-4-

**19.**

The Personal Liability Umbrella Policy further provided that State Farm would provide a defense of the lawsuit for Pins. Pursuant to Section "2. Defense and Settlement" provision of "COVERAGES" appearing on page 3 of the Personal Liability Umbrella Policy, the Defendant agreed as follows:

> 2. **Defense and Settlement**
>
>    . . .
>
>    b.  When the claim or suit is covered by this policy, but not covered by any other policy available to you:
>
>        (1) we will defend the suit against you;
>
>        . . .
>
>        (3) we will pay the expenses we incur and costs taxed against you in suits we defend.

**20.**

Because State Farm took the position that it was not covered by Pins's Homeowner's policy, Baar's claim was "not covered by any other policy available to" him, thereby satisfying the condition precedent to State Farm providing a defense under the Personal Liability Umbrella Policy.

**21.**

On November 19, 2002, when the Personal Liability Umbrella Policy was in force, Gery E. Baar commenced the above-described lawsuit against Pins to recover damages for bodily injury caused by the negligent actions of Pins. *See* Exhibit C.

**22.**

On November 22, 2002, Pins forwarded to the Defendant a copy of the summons and complaint that were served upon him by Baar and requested the Defendant to defend the action as provided for in the policy; but Defendant thereafter notified Pins that it refused to defend such action pursuant to the Personal Liability Umbrella Policy

**23.**

Pins was thereafter obliged to and did retain an attorney to represent and defend Plaintiff in the action.

**24.**

Following discovery and the filing of various pleadings, Pins and Baar were able to reach a settlement agreement, whereby Pins personally paid a sum of money to Baar pursuant to a confidential settlement agreement. The sum of money paid by Pins to Baar was within the policy limits of Pins's Personal Liability Umbrella Policy with State Farm, which State Farm repeatedly refused to honor.

**25.**

Pursuant to a stipulation for judgment of dismissal thereafter filed by the parties, the case was dismissed on November 3, 2003.

**26.**

In engaging the services of an attorney for the defense of the suit, Pins incurred reasonable legal fees and expenses in excess of $38,000. State Farm refused to pay these legal fees and expenses, with the exception of approximately $2,545.82 that it paid prior to formally rejecting the tender of defense.

27.

Pins has performed all of the conditions under the Personal Liability Umbrella Policy on his part to be performed, but State Farm has wholly neglected and refused to perform its obligations both to defend and indemnify under the policy.

28.

As the direct result of State Farm's aforementioned breach of contract, Pins incurred substantial damages.

## COUNT II - Bad Faith

29.

Plaintiff hereby realleges paragraphs 1 - 28 and all previous paragraphs and incorporates them as if set forth in full.

30.

Because the Personal Liability Umbrella Policy constituted contracts of insurance between the Plaintiff and the Defendant, there existed an implied covenant of good faith and fair dealing between them.

31.

A claim was made against the Pins within the policy period for which State Farm owed a duty to defend and to indemnify under the terms of the Personal Liability Umbrella Policy.

32.

Pins provided timely notice to the Defendant of the occurrence giving rise to coverage, tendered the defense and coverage of the claim on a timely basis.

**33.**

There is an absence of a reasonable basis for the Defendant's denials of both its duty to defend and to indemnify.

**34.**

The Defendant knew that there was a lack of a reasonable basis for such denials, or else acted in reckless disregard as to whether or not a reasonable basis existed for such denials.

**35.**

The Defendant denials of both its duty to defend and its duty to indemnify were in violation of the implied covenant of good faith and fair dealing and thereby committed bad faith.

**36.**

The Defendant's refusal to provide a defense and indemnification and to honor the plain terms of its insurance contract was willful, vexatious, and without reasonable basis, resulting in substantial damages to the Plaintiff.

## COUNT III - Punitive Damages

**37.**

Plaintiff hereby realleges paragraphs 1 -36 and all previous paragraphs and incorporates them as if set forth in full.

**38.**

The conduct of the Defendant was willful, unreasonable, wanton, fraudulent, done in conscious or reckless disregard for the rights of the Plaintiff, vexatious, and without reasonable cause, for which punitive damages are recoverable under SDCL § 21-3-2.

## COUNT IV - Attorney's Fees pursuant to SDCL § 58-12-3

### 39.

Plaintiff hereby realleges paragraphs 1 - 38 and all previous paragraphs and incorporates them as if set forth in full.

### 40.

The Defendant refused provide a defense or indemnify the Plaintiff for the settlement as required by the contract of insurance between them, and such refusal was vexatious and without reasonable cause.

### 41.

Pursuant to SDCL § 58-12-3, the Plaintiff is entitled to an award of reasonable attorney fees.

## COUNT V - Declaratory Relief

### 42.

Plaintiff hereby realleges paragraphs 1 - 41 and all previous paragraphs and incorporates them as if set forth in full.

### 43.

A justiciable controversy exists between and among the parties who are entitled to declaratory relief pursuant to SDCL Chapter 21-24, and this Court should determine the rights, responsibilities and liabilities of each of the parties for the controversy now existing.

### 44.

Plaintiff seeks a determination that State Farm had an obligation to defend and indemnify him resulting from the lawsuit filed against him by Gery E. Baar under the Personal Liability Umbrella Policy.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff respectfully prays for the following relief:

(1) For the plaintiff's compensatory, general, special, contractual, and consequential damages in an amount which the jury decides is just and proper;

(2) For punitive damages in an amount which the jury decides is just and proper;

(3) For attorney's fees pursuant to SDCL § 58-12-3;

(4) For the declaratory relief specified above;

(5) For prejudgment interest, post-verdict interest, and post-judgment interest; and

(6) For any other and further relief which the Court decides is just and proper.

Dated this 12th day of January, 2004.

JOHNSON, HEIDEPRIEM, MINER,
MARLOW & JANKLOW, L.L.P.

BY /s/ 
Scott A. Abdallah
Ronald A. Parsons, Jr.
431 N. Phillips Ave., Suite 400
Sioux Falls, SD 57104-5933
(605) 338-4304

*Attorneys for the Plaintiff*

## JURY TRIAL DEMAND

The Plaintiff respectfully demands a trial by jury on all issues so triable.

_____
Scott A. Abdallah
Ronald A. Parsons, Jr.

## NOTICE OF APPEARANCE

Please take note that Scott A. Abdallah and Ronald A. Parsons, Jr. of Johnson, Heidepriem, Miner, Marlow & Janklow in Sioux Falls, South Dakota, appear as counsel for the Plaintiff.

Dated this 12th day of January, 2004.

JOHNSON, HEIDEPRIEM, MINER,
MARLOW & JANKLOW, L.L.P.

BY _____
Scott A. Abdallah
Ronald A. Parsons, Jr.
P.O. Box 1107
Sioux Falls, SD 57101-1107
(605) 338-4304

*Attorneys for the Plaintiff*