UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**
MAR 22 2006
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JUDSON PINS, | CIV. 04-4027 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER GRANTING MOTION FOR STAY WITHOUT POSTING SUPERSEDEAS BOND |
| -vs- | |
| STATE FARM FIRE & CASUALTY CO. | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is a Motion for Stay Without Posting Supersedeas Bond filed by State Farm Fire & Casualty Co. ("State Farm"). (Doc. 69.)

In a Memorandum Opinion and Order entered February 23, 2005, this Court granted partial summary judgment in favor of Plaintiff, Judson Pins ("Pins"), on two counts of the Complaint, ruling that State Farm had a duty to defend and indemnify Pins in the underlying alienation of affections lawsuit. The parties agreed on the amount of damages Pins was entitled to receive on those counts and, on April 19, 2005, this Court entered an Order Regarding Damages for Legal Fees and Expenses, requiring State Farm to pay Pins $43,846.64 in attorney fees, expenses and settlement incurred by Pins in defense of the underlying lawsuit. Execution of the judgment was stayed until ten days after a final judgment on all issues was entered. The parties settled the remaining claims, and final judgment was entered by this Court on March 8, 2006.

State Farm intends to appeal the partial summary judgment ruling in favor of Pins on the coverage issues. State Farm asks the Court to stay enforcement of the judgment pending appeal without requiring State Farm to post a supersedeas bond. Federal Rule of Civil Procedure 62(d) permits an appellant to obtain a stay by giving a supersedeas bond, but the Court may waive the bond requirement in appropriate cases. *See* 12 Moore's Federal Practice, § 62.03[2] (3d ed. 2002) (listing the criteria courts have considered in making decisions regarding waiver of a bond). According to State Farm, counsel for Pins has agreed to waive the supersedeas bond. The Court finds that a stay

of the judgment and waiver of the bond requirement are appropriate in this case. *See, e.g., Dillon v. Chicago*, 866 F.2d 902, 905 (7th Cir. 1989) (waiver of bond requirement upheld where there was proof that payment upon loss of appeal would be made from guaranteed source.) Accordingly,

> IT IS ORDERED that defendant's Motion for Stay Without Posting Supersedeas Bond, Doc. 69, is granted.

Dated this 22nd day of March, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *Shelly Margulies*
(SEAL)   DEPUTY